IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION

| | |
|---|---|
| PEGGY M. WOODS,<br><br>PLAINTIFF,<br><br>vs.<br><br>COLLECTO, INC., d/b/a EOS CCA,<br><br>DEFENDANT. | Civil Action No.<br><br>COMPLAINT and DEMAND FOR JURY TRIAL |

NOW COMES the Plaintiff, Peggy M. Woods ("Plaintiff" or "Woods") by and through her attorney, L. Ashley Zubal, and for her Complaint against the Defendant, Collecto, Inc., d/b/a/EOS CCA (hereinafter "Defendant" or "EOS CCA"), alleges as follows:

## I.   INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Venue in this District is proper in that the Defendant transacts business in Iowa and the conduct complained of occurred here.

1

## III. PARTIES

3. Plaintiff, Peggy M. Woods, is a natural person residing in Polk County, Iowa.

4. Defendant, EOS CCA is a business principally located in Massachusetts who is engaged in the collection of debts owed to another in the State of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

## IV. FACTUAL ALLEGATIONS

7. At some point in time, the Plaintiff incurred a financial obligation to CenturyLink that was primarily for personal, family or household purposes, that allegedly went into default for late payment, and is therefore an alleged "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3).

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection, when thereafter the Plaintiff began receiving collection communications from the Defendant in an attempt to collect this debt.

### Call in March, 2012

9. Sometime during the last week in March, 2012, the Plaintiff received a collection call from a female representative of the Defendant who was calling the Plaintiff in an attempt to collect a debt.

10. The representative stated that she was calling from EOS in reference to a past due CenturyLink account.

11. The Plaintiff advised that she had retained an attorney and provided her attorney's name and contact information and requested the Defendant cease contacting her and to contact her attorney.

## Second Call in March, 2012

12. Within two days of the initial collection call from the Defendant during the last week in March, 2012, the Plaintiff received a second call from a female representative of the Defendant who was contacting the Plaintiff in an attempt to collect a debt.

13. The representative stated that she was calling from EOS in reference to a past due CenturyLink account.

14. The Plaintiff again stated that she had retained an attorney. The Plaintiff provided her attorney's name and contact information and requested the Defendant cease contacting her and to contact her attorney.

15. The Plaintiff requested the representative verify the information and the representative repeated the contact information to Plaintiff.

16. This call on this occasion from Defendant was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(2), 1692d, 1692f, amongst others.

17. This call on this occasion from Defendant was a collection communication in violation of numerous and multiple provisions of the IDCPA, including but not limited to Iowa Code §§ 537.7103(1)(f), 537.7103(2), 537.7103(5)(e), amongst others.

### Third Call in April, 2012

18. On or about April 03, 2012, the Plaintiff received a third collection call from a female representative of the Defendant. The representative was contacting the Plaintiff in an attempt to collect a debt.

19. The representative stated the she was contacting the Plaintiff with regard to a past due CenturyLink account and wanted to know how the Plaintiff was going to make payment.

20. The Plaintiff explained that she had provided the Defendant twice already that she had retained an attorney, provided said attorney's contact information and requested the Defendant cease contacting her.

21. As a result of the April 03, 2012 collection call, the Plaintiff felt anxiety, embarrassment, humiliation, nervousness, and anger.

22. This call on this occasion from Defendant's representative was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(2), 1692d, 1692d(5), 1692f, amongst others.

23. This call on this occasion from Defendant's representative was a collection communication in violation of numerous and multiple provisions of the IDCPA, including but not limited to Iowa Code §§ 537.7103(1)(f), 537.7103(2), 537.7103(2)(d), 537.7103(5)(e), amongst others.

*Respondeat Superior Liability*

24. The acts and omissions of the Defendant and its representatives employed as agents by Defendant EOS CCA who communicated with Plaintiff as more further described herein, were committee within the time and space limits of their agency relationship with their principal, Defendant EOS CCA.

25. The acts and omissions by Defendant EOS CCA and its representative were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant EOS CCA in collecting consumer debts.

26. By committing these acts and omissions against the Plaintiff, EOS CCA and its representatives were motivated to benefit their principal, EOS CCA.

27. The Defendant is therefore liable to the Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by the Defendant and its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from the Plaintiff.

V.     FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. EOS CCA, and its agents, through the foregoing intentional and negligent acts and omissions including, violated numerous and multiple provisions of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

30. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

VI.   SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. EOS CCA, and its agents, through the foregoing intentional and negligent acts and omissions including, violated numerous and multiple provisions of the

IDCPA including, but not limited to, each and every one of the above-cited provisions of the IDCPA, Iowa Code § 537.7103 et seq.

33. As a result of each and every Defendant's violations of the IDCPA, Plaintiff is entitled to actual damages pursuant to § 537.5201(1)(y); statutory damages in an amount up to $1,000.00 pursuant to § 537.5201(1)(y); and, reasonable attorney's fees and costs pursuant to § 537.5201(8) from the Defendant herein.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant:

## COUNT II.
## VIOLATIONS OF THE IOWA DEBT COLLECTION PRACTICES ACT
### Iowa Code § 537.7103 et seq.

- For an award of actual damages pursuant to § 537.5201(1)(y) against the Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to § 537.5201(1)(y) against the Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to § 537.5201(8) against the Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

## VII. JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

/s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF